Dyan Finguerra-DuCharme
Alex R. Goldberg
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MEDICAL DEPOT, INC. d/b/a DRIVE DEVILBISS HEALTHCARE,<br><br>Plaintiff,<br><br>- against -<br><br>VIVE HEALTH LLC,<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare ("Plaintiff" or "Drive"), by its attorneys Pryor Cashman LLP, alleges as follows against defendant Vive Health LLC ("Defendant" or "Vive"):

**NATURE OF ACTION**

1. This is an action for willful trademark infringement, unfair competition, and cancellation of trademarks, among other statutory and common law violations. Plaintiff is a health care industry leader for durable medical equipment ("DME") including, but not limited to, rollators, wheel chairs, walkers, bed rails, toilet seats and transfer benches. Plaintiff has used the DRIVE mark, and DRIVE variations thereof, in connection with DME goods since at least as early as 2002. Through Plaintiff's exclusive and continuous use, the DRIVE mark has become synonymous with high-quality DME products and serves to identify Plaintiff as the sole source of these goods.

2. Indeed, the DRIVE products have garnered unsolicited media attention and critical acclaim within the industry. Plaintiff has developed considerable consumer recognition and goodwill in its DRIVE family of marks, and the DRIVE mark is now among Plaintiff's most valuable commercial assets.

3. Despite Plaintiff's prior and substantial rights in the DRIVE mark, Defendant launched a line of DME products under the VIVE trademark including use of the VIVE mark on and in connection with rollators, wheel chairs, walkers, bed rails, toilet seats and transfer benches.

4. Defendant's actions have caused and are causing immediate and irreparable harm to Plaintiff. To redress the harm that Defendant is causing to Plaintiff, Plaintiff brings claims for trademark infringement under Section 32(1) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1114(1); unfair competition and false endorsement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); cancellation of trademark registrations under Section 37 of the Lanham Act (15 U.S.C. § 1119); and related claims under statutory and common law. Plaintiff seeks injunctive and monetary relief due to Defendant's egregious, willful and wanton activities, including exemplary damages, attorneys' fees and costs.

## PARTIES

5. Plaintiff Medical Depot, Inc. d/b/a Drive DeVilbiss Healthcare is a Delaware corporation with an address of 99 Seaview Boulevard, Port Washington, New York, 11050.

6. Upon information and belief, Defendant Vive Health LLC is a Florida limited liability company with an address of 8955 Fontana Del Sol Way, 2nd Floor, Naples, Florida 34109.

## JURISDICTION AND VENUE

7. This case is a civil action arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint that relate to trademark infringement and unfair competition pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) & (b).

8. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is doing business in New York, has contracted to supply goods or services in New York, the claims at issue arise out of its transaction of business and/or supplying goods and services directed to consumers residing in New York, and/or Defendant has committed infringing acts outside of New York causing injury to Plaintiff in New York and/or Defendant regularly does or solicits business in New York and/or derives substantial revenue from goods used or services rendered in New York and/or expects or reasonably should expect its infringing conduct to have consequences in New York and derives substantial revenue from interstate commerce. These activities fall within the long-arm statute of the State of New York, C.P.L.R. §§ 301 and 302(a).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is transacting business and committing tortious acts within the State of New York and this District.

# FACTS

**I.     Plaintiff and the DRIVE Brand**

11.     Drive DeVilbiss Healthcare was formed in January 2000 under the name Medical Depot, Inc. Not long after the company was started, the ownership recognized the opportunity to reflect the spirit of the company and the quality of life it provides to the users of its products, and therefore, changed the name to DRIVE. This culture and drive led to the significant growth and the formation of a multi-national organization. The continuous growth and expansion throughout the years is supported by the best professionals in the business, state-of-the-art technology and an enduring winning attitude. When DeVilbiss Healthcare was acquired in 2015, the company became known as Drive DeVilbiss Healthcare.

12.     Plaintiff carries a complete line of DME including rollators, mobility products, beds, bariatric products, wheelchairs, sleep surfaces and pressure prevention products, respiratory equipment, CPAP products, self-assist products, power wheelchairs, power scooters, rehabilitation products, pediatric products, patient room equipment, personal care products and electrotherapy devices.

13.     Plaintiff's customer base spans many verticals including directly to individual consumers, home healthcare providers, healthcare distributors, retailers (both independent and chains), and online retailers.

14.     The following screenshots show some of Plaintiff's exemplary products sold under the DRIVE brand name:





I-Walker Aluminum Rollator, 7" Casters

RTL10555SL

★★★★★ (0)

Economy Automatic Blood Pressure Monitor, Upper Arm

BP3600

★★★★★ (0)

Replacement Receiver

RTLAGF-910

★★★★★ (0)





Cougar Wheelchair

AK518ADA-ASF , AK516ADA-ASF , AK516ADA-AELR , AK518ADA-AELR

★★★★★ (0)

PrimeGuard Fall Monitor with Timed Change Pad Function

★★★★★ (0)

Tri-Fold Bedside Fall Mat

★★★★★ (0)





Digital Scale

13046 , 13046-HD

★★★★★ (0)

Winnie, Mimi Lite Aluminum Rollator, 6" Casters

510

★★★★★ (0)

Fingertip Pulse Oximeter

MQ3000

★★★★★ (0)



15. The DRIVE products are sold directly to consumers both online (including on the Amazon website) and in brick-and-mortar locations such as medical supply stores and pharmacies.

16. Plaintiff owns federal trademark registrations for the DRIVE mark for use on and in connection with a wide variety of goods within the healthcare industry. In the U.S., Plaintiff has obtained the following eight registrations for marks that include the DRIVE formative (collectively, the "DRIVE Marks"):

6

| Mark | Reg. No. | Goods |
|---|---|---|
| DRIVE | 3,978,310 | Footstools, hospital beds, and hospital bed accessories in Class 20<br>Wheel chairs in Class 12<br>Walkers, rollators, canes and crutches, and other medical products in Class 10 |
| drive | 4,078,065 | Footstools, hospital beds, and hospital bed accessories in Class 20<br>Wheel chairs in Class 12<br>Walkers, rollators, canes and crutches, and other medical products in Class 10 |
| DRIVE MEDICAL DESIGN & MANUFACTURING | 2,889,659 | Footstools, hospital beds, and hospital bed accessories in Class 20<br>Wheel chairs in Class 12<br>Walkers, rollators, canes and crutches, and other medical products in Class 10 |
| DRIVE MEDICAL | 4,659,820 | Footstools, hospital beds, and hospital bed accessories in Class 20<br>Wheel chairs in Class 12<br>Walkers, rollators, canes and crutches, and other medical products in Class 10 |
| drive for the road ahead | 3,966,510 | Medical manufacturing services in Class 40<br>Medical distributorship services in Class 35 |
| DRIVE PAIN AWAY | 4,787,330 | Electrotherapy devices in Class 10 |
| DRIVE DEVILBISS HEALTHCARE | 5,470,057 | Footstools, hospital beds, and hospital bed accessories in Class 20<br>Wheel chairs, motorized mobility scooters, and related accessories in Class 12<br>Medical compressors, nebulizers, oxygen devices, walkers, rollators, canes and crutches, and other medical products in Class 10 |
| INSPIRED BY DRIVE | 5,530,763 | Wheel chairs, strollers, and car seats in Class 12<br>Mobility equipment for handicapped and disabled children and adults, canes, walkers, rollators, toileting systems, and other medical products in Class 10 |

Several of the foregoing DRIVE Marks are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of the registration certificates and TSDR printouts for the DRIVE Marks are attached hereto as <u>Exhibit A</u>. Furthermore, the DRIVE registrations contained in Exhibit A are valid, subsisting, and in full force and effect and serve as evidence of Plaintiff's exclusive right to

use the marks in commerce in connection with the goods identified in the registrations, as provided by 15 U.S.C. § 1057(b).

17. Plaintiff vigilantly protects and enforces its intellectual property rights including those it enjoys in the DRIVE Marks.

**II.     Defendant's Adoption of the Confusingly Similar VIVE Marks**

18. Without authorization, Defendant is selling a wide variety of products bearing the VIVE mark. Upon information and belief, Defendant uses the VIVE mark on and in connection with identical products that are sold by Plaintiff including those goods categorized as DME.

19. Even more egregious, Defendant prominently displays the VIVE mark on identical goods in a similar style as Plaintiff's DRIVE mark, in the identical location as Plaintiff's placement of the DRIVE mark, as seen in the photos below:



20. Defendant's VIVE mark is substantially similar to Plaintiff's DRIVE mark in sight, sound, connotation and commercial impression. Both marks share the I-V-E letter string and consist of only one syllable and each is only word that ends with the identical "IVE" sound.

Heightening these similarities is the fact that the marks appear in similar font styles (ie., the marks appear in a slight slant to the right).

21. Upon information and belief, Defendant sells its VIVE products in the same channels of trade as those used by Plaintiff for its DRIVE products.

22. For example, a search on the Amazon website for the phrase "drive rollator" directs users to both Plaintiff's and Defendant's respective branded rollator products, as illustrated in the following screenshot:



23. Upon information and belief, the parties market and promote their DME products to the same consumers without regard to sophistication.

9

24. Upon information and belief, there have been instances of actual consumer confusion between the parties' respective goods.

25. Upon information and belief, Defendant has obtained the following federal registrations for marks that include the VIVE formative: VIVE, Reg. No. 4,754,580; VIVE SOLE, Reg. No. 4,675,523; and VIVE PRECISION, Reg. No. 5,343,876 (the "VIVE Formative Registrations" or the "VIVE Marks").

26. On or about December 7, 2018, Plaintiff filed a petition to cancel the VIVE Formative Registrations with the Trademark Trial and Appeal Board (the "TTAB"). Concurrently with the filing of this Complaint, Plaintiff has requested that the TTAB stay the cancellation proceeding.

27. The VIVE term is the dominant portion of the VIVE Marks because the other matter contained therein is not sufficient to distinguish the VIVE Marks from the DRIVE mark in sight, sound, meaning or commercial impression. As such, inclusion of the VIVE term makes each of the VIVE Marks confusingly similar to the DRIVE mark.

### III. Plaintiff is Suffering Irreparable Harm

28. Defendant has undertaken activities in connection with the sale and promotion of products that are likely to cause consumer confusion as to the source or origin of its goods. In particular, consumers are likely to mistakenly believe that Plaintiff is the source of Defendant's products bearing the VIVE mark, or at a minimum, that Plaintiff is affiliated with, sponsored or has endorsed such products.

29. The likelihood of confusion, mistake, and deception created by Defendant's sale of the infringing products is causing irreparable harm to Plaintiff and the goodwill associated with its DRIVE brand, which it has built up over the past seventeen years.

30. Upon information and belief, Defendant undertook the actions described herein with the deliberate intent to create confusion as to the source, sponsorship, and quality of Defendant's products.

31. Upon information and belief, Defendant undertook the actions described herein to mislead consumers into believing that Plaintiff has endorsed, sponsored, or is somehow associated with the VIVE products.

32. Upon information and belief, Defendant adopted the VIVE mark to, at a minimum, call to mind the DRIVE family of marks and Plaintiff's well-known DME products.

33. Defendant's conduct described herein is intentional, fraudulent, malicious, willful, and wanton.

34. Defendant's conduct has injured Plaintiff, and if not enjoined, will continue to injure Plaintiff.

35. Defendant's unlawful actions described herein commenced approximately twelve years after Plaintiff began using the DRIVE mark in the United States.

36. Plaintiff will suffer irreparable harm to its business reputation and the goodwill associated with the DRIVE mark because it has no control over Defendant's products.

37. Defendant's deceptive conduct is harming the public in addition to harming Plaintiff and the DRIVE brand.

# FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114

38. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

39. Plaintiff owns all right, title and interest in and to the DRIVE Marks.

40. Defendant has used in commerce, without Plaintiff's permission, the VIVE Marks in a manner that is likely to cause confusion or mistake or deceive purchasers as to the source of Defendant's goods and/or cause consumers to mistakenly believe that there is an affiliation, connection, approval, sponsorship or association of Plaintiff and/or Plaintiff's goods, services and commercial activities, on the one hand, with Defendant and/or its respective goods, services or commercial activities, on the other hand.

41. Defendant's acts constitute infringement of the DRIVE trademark under 15 U.S.C. § 1114.

42. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation, and goodwill. Unless restrained, Defendant will continue to use marks confusingly similar to the DRIVE mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents, and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement.

43. Plaintiff is further entitled to recover from Defendant the actual damages that it has sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

44. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts.

45. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM
### FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(A)

46. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

47. Plaintiff owns all right, title, and interest in and to the DRIVE mark.

48. Defendant has used in commerce marks that are substantially similar to the DRIVE Marks on DME products.

49. Defendant's unlawful acts in appropriating rights in the DRIVE mark are and were intended to co-opt Plaintiff's goodwill for Defendant's own pecuniary gain.

50. Defendant's use of the VIVE Marks, which are confusingly similar to Plaintiff's DRIVE mark, has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff.

51. Defendant's conduct as alleged herein, including its use of the VIVE Marks on DME products, constitutes a false designation of origin as such conduct is likely to cause confusion and/or to deceive users and consumers as to the origin, sponsorship, affiliation, connection, and/or association of Plaintiff with Defendant's goods and/or services.

52. Defendant's use of the VIVE mark is calculated and intended to deceive and is likely to deceive consumers into believing that Defendant's VIVE products are Plaintiff's products and/or that Plaintiff is associated with Defendant's products.

53. Defendant is capitalizing on and profiting from the likely consumer confusion between its use of the VIVE Marks, on the one hand, and Plaintiff's use of the DRIVE mark, on the other hand.

54. Plaintiff does not now and has never sponsored or approved or authorized Defendant's use of the VIVE Marks or other intellectual property.

55. Defendant's conduct is willful and deliberate and done with the intent to unfairly commercially benefit from the goodwill associated with the DRIVE mark and with Plaintiff more generally.

56. The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

57. Defendant's unfair competition has caused and is causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

58. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer damage to its trademark rights, business reputation and goodwill. Unless restrained, Defendant will continue to use marks confusingly similar to the DRIVE mark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its respective officers, agents and employees, and all persons acting in concert with Defendant, from engaging in further acts of infringement and unfair competition.

59. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained and/or is likely to sustain as a result of Defendant's wrongful acts.

60. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages that Defendant has obtained as a result of its wrongful acts.

61. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of exemplary damages under the common law, and treble damages, increased profits and its reasonable attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM
## NEW YORK COMMON LAW UNFAIR COMPETITION

62. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

63. Plaintiff owns all right, title and interest in and to the DRIVE mark.

64. Consumers identify the DRIVE mark exclusively with Plaintiff when used on and in connection with DME products.

65. Plaintiff has expended substantial time, resources and effort to develop and obtain a strong reputation in the marketplace and enormous goodwill in the DRIVE mark.

66. Defendant has infringed the DRIVE mark through its use of the confusingly similar VIVE Marks. Defendant's unlawful acts are intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.

67. Defendant's use of the VIVE Marks is calculated to and is likely to create confusion, deceive and mislead consumers into believing that Defendant's products originate with or are authorized by Plaintiff, and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff.

68. Defendant's acts, as alleged herein, constitute unfair competition and will, unless enjoined by the Court, continue to result in harm to the goodwill associated with Plaintiff.

69. Upon information and belief, Defendant committed the acts alleged herein willfully and with the intent to confuse the public and to injure Plaintiff.

70. The acts of Defendant have caused and are causing great and irreparable harm and damage to Plaintiff, and unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

71. As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has suffered damage to its reputation and damage to the goodwill of its DRIVE Marks. Further, Plaintiff is entitled to exemplary damages as a result of Defendant's malicious actions as described above.

**FOURTH CLAIM**
**CANCELLATION OF REGISTRATION NOS.**
**4,754,580; 4,675,523; and 5,343,876**

72. Plaintiff hereby repeats and realleges the foregoing Paragraphs of the Complaint as if fully set forth herein.

73. Plaintiff hereby seeks cancellation of Registration Nos. 4,754,580; 4,675,523; and 5,343,876 pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), due to the likelihood that use of the VIVE mark in connection with the goods identified in the VIVE Formative Registrations is likely to cause confusion in the minds of the public and is likely to deceive purchasers, causing the public to mistakenly believe that such goods originate with, are approved by, or are affiliated with Plaintiff in violation of Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

74. Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Plaintiff has standing to bring this Claim because Plaintiff is being and will be damaged as a result of the VIVE Formative Registrations as set forth hereinabove.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant, and its respective partners, agents and employees, and any and all persons in active concert or participation with Defendant, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing as follows:

1. Preliminarily and permanently enjoining Defendant, and its respective partners, agents and employees, and any and all other persons in active concert or participation with Defendant, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf of any of the foregoing from (a) using the VIVE Marks or any other mark that is confusingly similar to the DRIVE Marks, including any other "-IVE"-formative mark, in connection with the marketing, promotion, offering, rendering, sale or other use in commerce of any product, in any manner that may cause confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff, and from otherwise competing unfairly with Plaintiff; (b) assisting, aiding or abetting any other person or entity in the use of the VIVE Marks or any other mark that is confusingly similar to the DRIVE Marks, including any other "-IVE"-formative mark, in connection with the marketing, promotion, offering, rendering, sale or other use in commerce of any products, in any manner that may cause

confusion or mistake or may deceive the public into believing that such products originate with Plaintiff or that there is any affiliation or connection with Plaintiff; (c) using any of Plaintiff's intellectual property, including the DRIVE Marks, or any confusingly similar marks; and (d) representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive the public into believing that any of Defendant's goods or services originate with Plaintiff or that there is any affiliation or connection between Plaintiff and Defendant, and from otherwise competing unfairly with Plaintiff;

2. Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of US Trademark Registration Nos. 4,754,580; 4,675,523; and 5,343,876, and any and all other federal registrations including confusingly similar variations owned or controlled by Defendant.

3. Awarding Plaintiff damages in amounts to be determined at trial, including compensatory, statutory damages and exemplary damages;

4. Awarding an accounting to Plaintiff for the gains and profits of Defendant and for the damages sustained by Plaintiff as a result of the willful, intentional and wrongful conduct of Defendant;

5. Awarding Plaintiff treble damages on account of the willful nature of the Defendant's infringing acts for an amount to be determined at trial;

6. Requiring Defendant to pay Plaintiff its costs and expenses in this action, including attorneys' fees and costs; and

7. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 19, 2019

Respectfully submitted,

PRYOR CASHMAN LLP

_____
Dyan Finguerra-DuCharme
Alex R. Goldberg
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Fax: (212) 326-0806
dfinguerra-ducharme@pryorcashman.com
agoldberg@pryorcashman.com
*Attorneys for Plaintiff*